UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERI J., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C20-5295-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1973.[1] She has a high school diploma and some college education, and her previous jobs include church custodian and fast food worker. (AR 51-55.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

Plaintiff applied for DIB and SSI in November 2016. (AR 252-62.) Those applications were denied and Plaintiff timely requested a hearing. (AR 149-57, 163-79.)

On December 10, 2018, ALJ Joanne Dantonio held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 44-81.) On February 6, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 26-38.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on January 22, 2020 (AR 4-10), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since June 15, 2015, the alleged onset date. (AR 28.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's depressive disorder, post-traumatic stress disorder v. panic disorder, and bilateral carpal tunnel syndrome. (AR 28-29.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 29-30.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

performing light work with additional limitations: she can occasionally climb ladders, but can never climb ropes or scaffolds.  She can occasionally crawl and frequently handle and finger.  She can carry out simple, routine tasks or unskilled work that requires no contact with the public.  She can have occasional contact with co-workers (no teamwork), and occasional supervisor contact. (AR 31-36.)  With that assessment, the ALJ found Plaintiff unable to perform her past relevant work.  (AR 36.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as production assembler, power screw driver, and mail clerk.  (AR 36-38.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in discounting her subjective symptom testimony, and assessing certain medical evidence and opinions.  Plaintiff also argues that evidence submitted to the Appeals Council warrants remand.  The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed, the Appeals Council evidence

notwithstanding.

### Subjective symptom testimony

The ALJ discounted Plaintiff's subjective testimony, citing (1) objective evidence inconsistent with Plaintiff's allegations, (2) evidence that Plaintiff stopped working for reasons unrelated to her impairments and continued to look for work during the time she claimed to be disabled, and (3) Plaintiff's ability to complete activities inconsistent with her allegations. (AR 31-34.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends that the record demonstrates the waxing and waning of her symptoms, which is not inconsistent with her allegations. Dkt. 12 at 12-13. The ALJ, however, found that the longitudinal treatment record demonstrated "overall improvement with treatment." (AR 32.) As support for this finding, the ALJ cited evidence of Plaintiff's normal fine motor skills, strength, grip, thumb functioning, and range of motion, despite her history of carpal tunnel syndrome. (AR 31-32.) The ALJ acknowledged that Plaintiff reported some continuing symptoms, but that her physical functioning appeared to be less limited than she alleged. (AR 32.) The ALJ also cited evidence showing that Plaintiff's mental symptoms improved when she participated in counseling and complied with her medication regimen. (AR 32-33.)

As evidence of lack of improvement, Plaintiff points to her reports to DSHS examiners (Dkt. 12 at 12-13), but the ALJ explained that Plaintiff's longitudinal treatment record was inconsistent with what she reported to DSHS examiners. (AR 32-33.) Plaintiff has not shown that the ALJ erred in considering the record as a whole, rather than focusing on Plaintiff's self-reports to one-time examiners, and thus has not shown that the ALJ erred in finding that the objective medical record was inconsistent with Plaintiff's allegations.

Plaintiff also challenges the ALJ's finding with respect to her activities, arguing that even if she could perform some limited activities, they were performed on her own schedule and did not demonstrate an ability to work. Dkt. 12 at 13. But Plaintiff fails to address the ALJ's findings with regard to her bead activities: the ALJ noted that although Plaintiff reported manipulative limitations, such limitations were inconsistent with the beadwork that Plaintiff performed. (AR 34.) The ALJ did not err in discounting Plaintiff's alleged manipulative limitations based on her ability to create bead necklaces. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). To the extent that the ALJ summarily found Plaintiff's other activities to be less limited "to the extent one would expect" (AR 34), such a finding lacks specificity, but this error is harmless in light of the ALJ's other valid reasons. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Lastly, Plaintiff contends that even if she stopped working for reasons other than her impairments and had hoped to work again, the DSHS examiners nonetheless opined that she would not be able to work. Dkt. 12 at 13. This argument does not establish error in the ALJ's reasoning: an ALJ does not err in considering that a claimant stopped working for reasons other than her impairments and/or continued to apply for jobs during the period in which she claimed to be disabled. *See* Social Security Ruling 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work."); *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1221, 1227 (9th Cir. 2009) (ALJ properly considered evidence of claimant's attempts to find employment).

Because Plaintiff has not shown harmful error in the ALJ's reasons to discount her

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

allegations, the Court affirms the ALJ's assessment of Plaintiff's testimony.

## Medical evidence

Plaintiff challenges the ALJ's assessment of opinions written by three examining psychologists, and the Court will address each disputed opinion in turn.

Legal standards

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[2] Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Keith Krueger, Ph.D.; Peter Weiss, Ph.D.; & Kimberly Wheeler, Ph.D.

Dr. Krueger examined Plaintiff in April 2016 and completed a DSHS form opinion describing her symptoms and limitations. (AR 359-68.) Dr. Weiss and Dr. Wheeler examined Plaintiff in February 2017 and May 2018, respectively, and completed DSHS form opinions as well. (AR 451-55, 548-54.)

The ALJ summarized the examiners' opinions and explained that she gave only some weight to them because they were based on one-time examinations, their conclusions were inconsistent with the longitudinal record, and they relied "quite heavily" on Plaintiff's self-

---

[2] Because Plaintiff filed disability applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

reporting, which was not entirely reliable. (AR 35-36.) The ALJ credited the opinions to the extent that they indicated Plaintiff was limited to unskilled work with limited social interaction, however. (AR 36.)

Plaintiff contends that the ALJ erred in discounting the examiners' opinions based on their status as one-time examiners, because the ALJ credited State agency opinions written by non-examining providers. Dkt. 12 at 8. Plaintiff does not acknowledge that the DSHS examiners did not have access to Plaintiff's longitudinal treatment record, however, unlike the State agency providers. (*See* AR 359, 451, 549.) At most, the examiners had access to each other's opinions, but did not have any access to Plaintiff's treatment records. (*Id.*) This point is relevant because the ALJ found that the DSHS examiners' opinions were inconsistent with Plaintiff's treatment record, which suggested that some of her symptoms were related to situational stressors such as an abusive partner, housing troubles, car problems, and family problems. (AR 33, 36.) The DSHS examiners extensively quoted from or summarized from Plaintiff's self-report in rendering their findings, which supports the ALJ's interpretation of the basis of the opinions. (*See* AR 360, 452, 550.)

Plaintiff argues that because the examiners saw her over a period of two years and their opinions were largely consistent, their opinions do not reflect merely situational stressors. Dkt. 12 at 9. This argument misses the ALJ's point: the ALJ pointed to treatment notes that describe situational stressors, and the examiners did not have access to those records or records showing how Plaintiff functioned when those stressors were not present. (*See* AR 32-33.) Plaintiff has not shown that the ALJ erred in finding the DSHS examiner opinions to be inconsistent with and uninformed by the treatment record, or in discounting the opinions on that basis. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

by ALJ in rejection of physician's opinions); 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6) (indicating that in considering the weight to afford a medical opinion, an ALJ may consider the extent to which a medical source is familiar with the other information in a claimant's record). Plaintiff's alternative interpretation of the evidence does not establish error in the ALJ's reasoning.

<u>Appeals Council evidence</u>

After the ALJ's decision was entered, Plaintiff submitted another DSHS examination form opinion from Dr. Wheeler to the Appeals Council, from April 2019.  (AR 11-15.)  The Appeals Council noted that the 2019 opinion from Dr. Wheeler post-dated the ALJ's February 2019 decision, and thus did not relate to the adjudicated period.  (AR 5.)

The parties disagree about whether this opinion could give rise to a remand under sentence four or sentence six of 42 U.S.C. §405(g).  Dkt. 12 at 1; Dkt. 13 at 10-12.  The Court finds that it does not support a remand under either avenue, because Dr. Wheeler's 2019 opinion is similar to the opinions explicitly considered by the ALJ (as Plaintiff herself concedes (Dkt. 12 at 10)), and thus the ALJ's valid reasons to discount Dr. Wheeler's 2018 opinion apply with equal force to the 2019 opinion.  Therefore, assuming without deciding that Dr. Wheeler's 2019 opinion relates to the adjudicated period because it post-dates the ALJ's decision by only two months, it nonetheless does not undermine the substantial evidence supporting the ALJ's decision (for purposes of sentence four) or present a reasonable possibility of changing the outcome of the ALJ's decision (for purposes of sentence six) because it is similar to evidence the ALJ properly discounted.  *See Cramer v. Berryhill*, 706 Fed. Appx. 385, 386 (9th Cir. Dec. 13, 2017) (finding that a sentence-four remand was not appropriate because the ALJ considered limitations similar to those described in the evidence submitted for the first time to the Appeals Council, and properly rejected them, "[t]he same reasoning applies to discredit the new evidence, and substantial evidence continues to

1  support the ALJ's determination"); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984) (the sentence-six requirement of materiality is satisfied where there is a reasonable possibility the evidence would change the outcome of the ALJ's determination). Thus, Plaintiff has not shown that Dr. Wheeler's 2019 opinion justifies a remand.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 21st day of October, 2020.

                                           Mary Alice Theiler
                                           United States Magistrate Judge